** E-filed 7/7/2009 **

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| JESSIEL GERARDO, EMMANUEL JIMENEZ-RAMIREZ, ABEL LOPEZ-JIMENEZ, AND CARLOS LOPEZ, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>QUONG HOP AND CO, AND FRANK STEPHENS,<br><br>Defendant. | Case Number C 08-3953 JF (PVT)<br><br>ORDER[1] 1) GRANTING PRELIMINARY APPROVAL OF SETTLEMENT, 2) GRANTING PROVISIONAL CLASS CERTIFICATION, 3) DIRECTING DISTRIBUTION OF NOTICE OF SETTLEMENT, AND 4) SETTING SCHEDULE FOR FINAL APPROVAL PROCESS<br><br>[re: docket no. 23] |

Plaintiffs move for 1) preliminary approval of settlement; 2) provisional class certification and designation of Plaintiffs as class representatives; 3) appointment of Adam Wang and Tomas Margain as class counsel; 4) distribution of a notice of settlement and claim forms; and 5) the setting of a schedule for the final settlement approval process. The motion is unopposed and will be granted as set forth below.

---

[1] This disposition is not designated for publication in the official reports.

# I. BACKGROUND

The instant case is a putative class action suit brought by hourly "salad production workers" seeking unpaid overtime compensation, money for meal and rest breaks they were improperly denied, and related penalties and interest. Plaintiffs reached a settlement with Defendants after a mediation overseen by court-appointed mediator Judith Droz Keyes, a partner at Davis Wright Tremaine LLP. Pursuant to the settlement, Plaintiffs will be paid up to $115,586.77 in return for the release of all claims of the putative class members. This sum represents 100% of the claimed overtime pay, liquidated damages pursuant to the Fair Labor Standards Act ("FLSA"), interest, and waiting time. In addition to the specified sum, Defendants will pay the employer portion of payroll taxes for wages due. Plaintiffs will not recover for the claimed meal and rest breaks. Each class member has been identified and his or her entitlement audited, and a process has been set up whereby each employee may make a claim for a specific amount.

The settlement divides the members of the putative class into two groups. The majority of class members will receive full recovery upon filing a claim form; if any of these class members fails to file a claim form, that individual's share - excluding liquidated damages under the FLSA - will be donated to a non-profit organization under the *Cy Pres* doctrine. Such individuals will not be barred from claiming the FLSA damages in the future. The remaining class members, whose claims for overtime compensation are each for less than $35.00, also will receive full compensation upon filing a claim form. However, if any of these class members fails to file a claim, the waiting time penalty will not be donated under the *Cy Pres* doctrine but instead will revert to Defendants. Class members who opt out in a timely fashion will be entitled to pursue independent claims.

The specified sum does not include attorney's fees. Class counsel will file a motion for attorneys' fees in conjunction with the motion for final approval.

Plaintiff ask the Court to adopt the following schedule:

2

Case No. C 08-3953-JF (PVT)
ORDER 1) GRANTING PRELIMINARY APPROVAL OF SETTLEMENT, 2) GRANTING PROVISIONAL CLASS CERTIFICATION, 3) DIRECTING DISTRIBUTION OF NOTICE OF SETTLEMENT, AND 4) SETTING SCHEDULE FOR FINAL APPROVAL PROCESS
(JFEx1)

| | | |
|---|---|---|
| July 20, 2009: | Last day for claims administrator to mail settlement notice and opt-out form to class members. | |
| September 20, 2009: | Last day for class members to opt in and make claims or to opt out. | |
| October 16, 2009: | Moving papers in support of final approval of settlement and fee application. | |
| November 6, 2009: | Reply papers in support of final approval due. | |
| November 20, 2009: | Final approval hearing. | |

## II. LEGAL STANDARD

**A.     Preliminary Approval**

Preliminary approval of a class action settlement requires the Court to consider whether "(1) the negotiations occurred at arm's length; (2) there was sufficient discovery; (3) the proponents of the settlement are experienced in similar litigation; and (4) only a small fraction of the class objected." *In re Linerboard Antitrust Litigation*, 296 F.Supp.2d 568 (E.D. Pa. 2003).

**B.     Class Certification**

Federal Rule of Civil Procedure 23(a) permits a class action where: "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." In addition, the class action must satisfy one of the provisions of Rule 23(b). Satisfying 23(b)(3) requires that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

**C.     Class Counsel**

In appointing class counsel, the court must consider "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii)

3

counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g).

### III. DISCUSSION

#### A.  Preliminary Approval

The instant settlement appears fair, non-collusive and within the range of possible final approval. The settlement was a product of arm's length negotiation before a mediator and does not appear to benefit those who participated in the mediation at the expense of any other parties. All class members are included, and each class member has the opportunity to opt out. Extensive discovery has been conducted to determine the identity of all possible claimants and their potential entitlement to damages. The proponents of the settlement are experienced in this type of litigation. No class members have objected.

#### B.  Class Certification

Class certification is appropriate here, since all four requirements of Rule 23(a) are met, and the action also satisfies the requirements of Rule 23(b).

The number of potential members in a purported class alone should not determine whether a class action should be certified. *Gay v. Waiters' and Dairy Lunchmen's Union*, 549 F.2d 1330, 1332 (9th Cir. 1977). Where the class is not extremely numerous, factors such as the "geographical diversity of class members, the ability of individual claimants to institute separate suits, and whether injunctive or declaratory relief is sought" should be considered. *Jordan v. Los Angeles County,* 669 F.2d 1311 (9th Cir. 1982). Here, many of the claims are for relatively small sums and the potential class members are not legally sophisticated, and it would be difficult for individual workers to institute separate suits. Under these circumstances, the class of approximately thirty-six workers is large enough that joinder of all class members would be impracticable.

There is a common question of fact among class members, i.e. whether Defendants failed to pay overtime compensation as required by law.

"A plaintiff's claim is representative if it arises from the same course of conduct and is

4

based on the same legal theory as the claims of other class members." *Rosario v Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1999). Named Plaintiffs Jessiel Gerardo, Emmanuel Jimenez-Ramirez, Abel Lopez-Jimenez, and Carlos Lopez all allegedly were victims of Defendant's alleged course of conduct which consisted of paying a uniform rate for all hours worked.

In order to be adequate class representatives, Plaintiffs must show "1) that [their] attorney [is] qualified, experienced, and generally able to conduct the litigation and 2) that the suit will not be collusive and [their] interest antagonistic to those of the remainder of the class." *In re United Energy Corp. Solar Power Modules Tax Shelter Invs. Sec. Lit.*, 122 F.R.D. 251, 257 (C.D. Cal 1988). Proposed class counsel have represented plaintiffs in numerous wage and hour actions, including class actions, and the Court finds them to be sufficiently qualified. Plaintiffs' interests are not antagonistic to those of other class members, as all class members will receive a fixed sum proportional to the money owed to them for overtime, liquidated damages and waiting time.

The questions of law or fact common to class members predominate over any questions affecting only individual members, because all claims for relief arise from a common course of conduct by Defendant that resulted in the same type of injury. A class action is superior to other available methods of adjudication because it allows an efficient determination of this common issue without unnecessary duplication of litigation.

Accordingly, the proposed class will be provisionally certified for settlement purposes, and the Court will designate Jessiel Gerardo, Emmanuel Jimenez-Ramirez, Abel Lopez-Jimenez, and Carlos Lopez as class representatives.

**C.     Class Counsel**

Proposed counsel have conducted extensive pre-litigation investigation of the class claims and are experienced and knowledgeable, as discussed above. Accordingly, Adam Wang and Tomas Margain will be appointed as class counsel.

5

Case No. C 08-3953-JF (PVT)
ORDER 1) GRANTING PRELIMINARY APPROVAL OF SETTLEMENT, 2) GRANTING PROVISIONAL CLASS CERTIFICATION, 3) DIRECTING DISTRIBUTION OF NOTICE OF SETTLEMENT, AND 4) SETTING SCHEDULE FOR FINAL APPROVAL PROCESS
(JFEx1)

**ORDER**

Good cause therefor appearing, preliminary approval of the settlement and provisional class certification are granted.

The schedule for the final approval process as proposed by class counsel is hereby adopted.

IT IS SO ORDERED.

DATED: July 6, 2009

_____
JEREMY FOGEL
United States District Judge

6

Case No. C 08-3953-JF (PVT)
ORDER 1) GRANTING PRELIMINARY APPROVAL OF SETTLEMENT, 2) GRANTING PROVISIONAL CLASS CERTIFICATION, 3) DIRECTING DISTRIBUTION OF NOTICE OF SETTLEMENT, AND 4) SETTING SCHEDULE FOR FINAL APPROVAL PROCESS
(JFEx1)

1  This Order has been served upon the following persons:

2

   Adam Wang                         adamqwang@gmail.com
3                                    alpedersen@gmail.com

4                                    rosilenda@gmail.com
   Daniel John Coyle                 dcoyle@downeybrand.com
5                                    courtfilings@downeybrand.com

6                                    shartland@downeybrand.com
   Shaye Nicole Harrington           sharrington@downeybrand.com
7                                    courtfilings@downeybrand.com

8                                    jmoore@downeybrand.com
   Tomas Eduardo Margain             margainlaw@hotmail.com
9                                    ac.jdblaw@earthlink.net

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                        7
   Case No. C 08-3953-JF (PVT)
   ORDER 1) GRANTING PRELIMINARY APPROVAL OF SETTLEMENT, 2) GRANTING PROVISIONAL CLASS
   CERTIFICATION, 3) DIRECTING DISTRIBUTION OF NOTICE OF SETTLEMENT, AND 4) SETTING
   SCHEDULE FOR FINAL APPROVAL PROCESS
   (JFEx1)